# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| RON SMITH | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| KPS GLOBAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Ron Smith ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages, and shows this Honorable Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c)(1).

1

3.

A substantial part of the events or omissions giving rise to Plaintiff's Claim occurred in this District. In accordance with 28 U.S.C. § 1391(b)(2), venue is appropriate in this Court.

**PARTIES**

4.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Plaintiff is over 40 years of age.

6.

Defendant KPS Global, LLC ("Defendant") is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the ADEA at 29 U.S.C. § 630(f).

8.

Defendant is now, and at all times relevant hereto, has been a limited liability company engaged in an industry affecting commerce. During all times

relevant hereto, Defendant has employed twenty (20) or more employees for the requisite duration under the ADEA. Defendant is therefore covered under the ADEA in accordance with 29 U.S.C. § 630(b).

9.

Defendant may be served with process by delivering a copy of the summons and Complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092, or as otherwise allowed by applicable law.

**ADMINISTRATIVE PROCESS**

10.

Plaintiff timely filed a charge of discrimination on April 17, 2020 against Defendant with the Equal Employment Opportunity Commission ("EEOC").

11.

The EEOC issued a "Notice of Right to Sue" on October 7, 2020, which was received by Plaintiff on October 10, 2020, entitling an action to be commenced within ninety (90) days of receipt thereof.

12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## **FACTUAL ALLEGATIONS**

13.

Plaintiff was first hired by KPS Global in July 2017 in the position of Regional Sales Manager.

14.

In this position, Plaintiff was to earn a base salary of $150,000.00 per year, was granted 1200 stock options, and was eligible for an annual bonus.

15.

However, despite being successful in this position, Plaintiff was told in March 2019 that he was too old to remain in the Regional Sales Manager position, and that if he did not accept a new position as a Licensing Development Manager at a significantly reduced salary, his employment would be terminated.

16.

Although he objected to this decision and voiced his opposition, Plaintiff reluctantly accepted the Licensing Development Manager position in March 2019.

17.

However, in order to recoup some of his lost base salary, Plaintiff insisted that if he assisted Defendant by activating and/or obtaining five (5) additional contractor licenses, he would receive an additional $25,000.00 bonus.

18.

Throughout 2019, Plaintiff activated and/or obtained more than five (5) additional contractor licenses, and as a result thereof, served as the Qualifying Agent for KPS Global with respect to such licenses.

19.

Yet, despite meeting this bonus requirement and making repeated requests, KPS Global has refused to compensate Plaintiff his earned bonus.

20.

Furthermore, Plaintiff's employment was terminated in March 2020 under the guise of a reduction in force due to COVID-19.

21.

Defendant's proffered reason for termination was pretextual in nature, with the real reason for termination being Plaintiff's opposition to his demotion as a result of his age, and the failure of Defendant to pay his earned bonus.

## CLAIMS FOR RELIEF

### COUNT I:
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment- including demotion, retaliation and termination- based on his age constitutes unlawful discrimination in violation of the ADEA, as amended.

24.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

25.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his age.

26.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## COUNT II:

## RETALIATION IN VIOLATION OF THE ADEA

27.

Plaintiff re-alleges the preceding paragraphs ad if set forth fully herein.

28.

Plaintiff engaged in protected activity when he opposed his supervisor's decision to demote Plaintiff.

29.

Defendant retaliated against Plaintiff by ultimately terminating his employment as a result of Plaintiff's protected activity.

30.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide its retaliatory motive.

31.

Defendant's retaliatory actions against Plaintiff were in violation of the ADEA.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its retaliation against Plaintiff was undertaken in bad faith.

33.

As a result of Defendant's retaliatory actions against Plaintiff, Plaintiff has suffered lost compensation and benefits.

34.

Pursuant to the ADEA, Plaintiff is entitled to damages including, but not limited to, back pay and lost benefits, reinstatement, equitable relief, attorney's fees, costs of litigation and all other relief recoverable under the ADEA.

## COUNT III

## BREACH OF CONTRACT

35.

Plaintiff re-alleges the preceding paragraphs ad if set forth fully herein.

36.

At the time of his demotion, Plaintiff and Defendant reached an agreement whereby if Plaintiff activated and/or obtained five (5) additional contractor licenses for the benefit of Defendant, he would receive a $25,000.00 bonus.

37.

Plaintiff activated and/or obtained more than five (5) additional contractor licenses, and as a result thereof, served as the Qualifying Agent for KPS Global with respect to such licenses, and earned the $25,000.00 bonus.

38.

Yet, despite earning this bonus, and despite repeated requests for payment of same, Defendant has breached its contract with Plaintiff by failing to pay Plaintiff the $25,000.00 earned bonus.

## COUNT IV
## ATTORNEY'S FEES & COURT COSTS PURSUANT TO O.C.G.A. §13-1-11

39.

Plaintiff re-alleges the preceding paragraphs ad if set forth fully herein.

40.

Plaintiff is entitled to its reasonable attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11 because Defendants have been stubbornly litigious, have acted in bad faith and have caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** Plaintiff requests judgement as follows:

(a)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;
(b)  Reasonable attorney's fees and expenses of litigation;
(c)  Trial by jury as to all issues;
(d)  Prejudgment interest at the rate allowed by law;
(e)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

8

(f)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g)       All other relief to which he may be entitled.

Respectfully submitted this 6th day of January 2021.

      **MBW LAW, LLC**

/s/Michael B. Weinstein
Michael B. Weinstein
Georgia Bar No. 746386
MBW Law, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360
(404) 228-2629 (O)
(888) 231-0613 (F)
mike@mbwlaw.net

*Attorney for Plaintiff*